UNITED STATES ex rel. GEGIOW et al. v. UHL.

(District Court, S. D. New York. March 2, 1914.)

1. ALIENS (§ 49*)—RIGHT TO ENTER—PUBLIC CHARGE—DEPORTATION.

In determining whether immigrants, who were unskilled laborers, seeking to enter the United States, were liable to become a charge on the public, the immigration authorities may consider the personal equation of each alien and the conditions which confront him.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 107; Dec. Dig. § 49.*]

2. ALIENS (§ 54*)—RIGHT TO ENTER—DETERMINATION.

Whether an alien shall be admitted to the United States is a political question which Congress may dispose of as it chooses, and having provided by Act Feb. 20, 1907, c. 1134, § 25, 34 Stat. 906 (U. S. Comp. St. Supp. 1911, p. 515), that a decision of the proper immigration officers, if adverse to the admission of an alien, shall be final unless reversed on appeal to the Secretary of Labor, the decision cannot be reviewed by the courts when the prescribed procedure has been complied with.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

This is a habeas corpus proceeding brought on behalf of several aliens who have been denied admission.

Barnett & Jablow, of New York City, for relator.

H. Snowden Marshall, U. S. Atty. for the Southern District of New York, and Harold A. Content, Asst. U. S. Atty., for respondent.

LACOMBE, Circuit Judge. [1] There is apparently no irregularity in the proceedings. The immigrants were examined, were brought before the board of Special Inquiry, and interrogated. After an ad-

verse decision, their appeals came duly before the Secretary of Labor, who affirmed the conclusion of the board that they were liable to become a public charge. The Acts of 1907, § 25, expressly provides that the decision of the proper immigration officers, if adverse to the admission of an alien, shall be final unless reversed on appeal to the Secretary of Labor. It is abundantly settled by decisions that it was the intent of Congress to leave the determination of the question to the board and the Secretary, not to the courts. These immigrants are apparently unskilled laborers, speaking no language except their own, unintelligible to other Russians, have very little money; there is no one in this country legally liable to support any of them. The board had opportunity on physical inspection to form conclusions as to their capacity to earn a living. Opinions might differ as to whether or not they were, at the time question arose as to their admission, liable to become a charge upon the public. The personal equation of each alien and the conditions which confront him are elements of the problem. Of section 8 of the Immigration Act of 1891 (26 Stat. 1085, c. 551 [U. S. Comp. St. 1901, p. 1298])—and the provisions of section 25 of the existing act are substantially the same, except that it substitutes a board of special inquiry for a single inspector—the Supreme Court has said:

"The statute does not require inspectors to take any testimony at all, and allows them to decide on their own inspection and examination the question of the right of any alien immigrant to land. The provision relied on merely empowers inspectors to administer oaths and to take and consider testimony, and requires only testimony so taken to be entered of record."

See Nishimura Ekiu v. U. S., 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146, an authoritative decision expressed in unambigous language, which seems to be frequently overlooked.

[2] Whether an alien shall or shall not be admitted to this country is a political question which Congress may dispose of as it chooses. This statute confines the determination of that question, in the first instance, to administrative officers, who are not confined, as courts are, to a particular method of informing themselves as to the facts. To provide for the correction of any erroneous conclusions of these officers there may be a review in each case, on the request of the alien, by another officer holding a high political station, a cabinet officer. The act in no uncertain language provides that, when its procedure has been conformed to, his decision as to the fact shall be final and conclusive. To construe that language so as to destroy such finality would seem to be legislation rather than construction.

The writ is dismissed.